IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


MOZELLE ARRANT,                    :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :          CIVIL ACTION 05-0073-M
                                   :
JO ANNE B. BARNHART,               :
                                   :
     Defendant.                    :


MEMORANDUM OPINION AND ORDER


     In this action under 42 U.S.C. § 405(g), Plaintiff seeks
judicial review of an adverse social security ruling which
denied a claim for disability insurance benefits.  The parties
filed written consent and this action has been referred to the
undersigned Magistrate Judge to conduct all proceedings and
order the entry of judgment in accordance with 28 U.S.C. §
636(c) and Fed.R.Civ.P. 73 (*see* Doc. 15).  Oral argument was
heard on August 22, 2005.  Upon consideration of the
administrative record, the memoranda of the parties, and oral
argument, it is **ORDERED** that the decision of the Commissioner
be **AFFIRMED** and that this action be **DISMISSED**.

     This Court is not free to reweigh the evidence or
substitute its judgment for that of the Secretary of Health
and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983), which must be supported by substantial
evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
The substantial evidence test requires "that the decision
under review be supported by evidence sufficient to justify a
reasoning mind in accepting it; it is more than a scintilla,
but less than a preponderance." *Brady v. Heckler*, 724 F.2d
914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551
F.Supp. 205 (D. Md. 1982).

Plaintiff was born September 10, 1946.  At the time of
her asserted onset date, February 28, 1997 (Tr. 133), Arrant
was fifty years old, had completed an eleventh-grade education
(Tr. 58, 444), and had previous work experience as a
receptionist and a grocery clerk (Tr. 70-72, 444).  In
claiming benefits, Plaintiff alleges disability due to
osteoarthritis and varicose veins (Doc. 11).

The Plaintiff filed an application for disability
benefits on July 10, 1997, alleging a disability onset date of
February 28, 1997 (Tr. 133-35).  Benefits were denied
following a hearing by an Administrative Law Judge (ALJ) who
determined that Arrant could perform several jobs which she
had performed in the past (Tr. 36-47).  Plaintiff filed an
action in this Court in which it was determined that the ALJ
had not properly considered the full record; the action was

2

remanded back to the Social Security Administration for further consideration (Tr. 345-55). *Arrant v. Massanari*, No. 00-0695-CB-S (S.D. Ala. June 11, 2001).[1]  On remand, following another hearing, the ALJ found that Arrant could return to her past relevant work as a receptionist (Tr. 328-41).  Plaintiff requested review of the hearing decision (Tr. 326-27) by the Appeals Council, but it was denied (Tr. 322-25).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Arrant alleges that:  (1) The ALJ did not properly consider the opinions and diagnoses of her treating physician; (2) the ALJ did not properly consider the opinions of a consultative physician; (3) the ALJ did not make specific findings as to the job duties and demands of her past work; and (4) the ALJ improperly discounted her claim of pain and limitation (Doc. 10).  Defendant has responded to—and denies—these claims (Doc. 12).

Before discussing the claims, the Court notes that the focus of this inquiry is the period of time between February 28, 1997, Arrant's asserted disability onset date, and April

---

[1]The Court notes that on July 13, 2001, an ALJ held that Arrant was disabled as of April 1, 1999, her asserted new disability onset date, following a new disability application which had been filed on April 4, 2000 (Doc. 10 Attachment).

1, 1999, the date she has been found to be disabled.  The
balance of the evidence will be considered only to the extent
that it relates to this period of time.

Plaintiff's first claim is that the ALJ did not accord
proper legal weight to the opinions, diagnoses and medical
evidence of Plaintiff's physicians.  Arrant specifically
references Dr. F. D. Salter (Doc. 10, pp. 4-5).  It should be
noted that "although the opinion of an examining physician is
generally entitled to more weight than the opinion of a non-
examining physician, the ALJ is free to reject the opinion of
any physician when the evidence supports a contrary
conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th
Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2005).

Plaintiff first saw Dr. Salter on December 21, 1998 for
complaints of dizziness and left leg pain (Tr. 392).  The
physician noted elevated blood pressure and degenerative
disease of the spine, but stated that her worse problem was

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

phlebitis; Salter prescribed Lotensin,[3] Darvocet,[4] and Lodine[5] (Tr. 392). On that same date, Dr. Salter admitted Arrant to the hospital, for a one-night visit, to treat the Phlebitis (Tr. 393-429). On the discharge summary, the doctor noted that Plaintiff had "varicose veins in the lower extremities, greater on the left . . . [but] did not have deep venous thrombosis" (Tr. 395). The summary also noted that although her shoulder x-ray showed some arthritic changes, it was normal; x-rays of the chest, heart, and lungs were also normal (*id.*). A venous study of the lower extremities was also normal (Tr. 395). On January 6, 1999,[6] the doctor indicated the the deep venous thrombosis and varicose veins were clearing; his records also indicated that in addition to the

---

[3]Lotensin is used for the treatment of hypertension. Physician's Desk Reference 1870-72 (52nd ed. 1998).

[4]Propoxyphene napsylate, more commonly known as Darvocet, is a class four narcotic used "for the relief of mild to moderate pain" and commonly causes dizziness and sedation. *Physician's Desk Reference* 1443-44 (52nd ed. 1998).

[5]Lodine is "indicated for acute and long-term use in the management of signs and symptoms of osteoarthritis and rheumatoid arthritis. Lodine is also indicated for the management of pain." *Physician's Desk Reference* 3062-64 (52nd ed. 1998).

[6]The copy of the evidentiary record only shows the date as being " /6/99" but at the end of the notation is a statement that Salter had written a letter for Arrant (Tr. 391); that letter was written on January 8, 1999 (Tr. 295). The ALJ also indicated that this doctor's visit occurred two weeks after the first examination (Tr. 336).

medications already listed, Arrant was taking Avapro, Xanax,[7]

Keflex,[8] and Restoril[9] (Tr. 391).

On January 8, 1999, Dr. Salter wrote a letter which

stated that Plaintiff had numerous problems, any of which

"would make her permanently disabled" (Tr. 295).  The balance

of the letter is as follows:

> 1. Hypertension.  Diastolic hypertension,
> reasonably well controlled on medications
> but not totally.  2. Severe degenerative
> disc disease in her back, in fact her
> entire spine.  She has trouble with both
> sitting, stooping, lying and cannot squat.
> She cannot arise from a squatting position
> at all.  She would have difficulty sitting
> long enough to ride for an hour.  3. She
> has phlebitis in both legs, rather
> pronounced varicosities.  She was in the
> hospital recently for phlebitis and
> possible thrombophlebitis.
>         As this lady can neither sit, stand,
> or lie for any prolonged length of time, I
> do not see that she can ever have any type
> of gainful employment.  In short, I feel
> she is permanently disabled.

(Tr. 295).  On February 18, 1999, Salter treated Plaintiff for

the flu (Tr. 391).

---

[7]*Xanax* is a class four narcotic used for the management of
anxiety disorders.  *Physician's Desk Reference* 2294 (52nd ed. 1998).

[8]*Keflex* is used for the treatment of various infections.
*Physician's Desk Reference* 854-56 (52nd ed. 1998).

[9]*Restoril* is used for the short-term treatment of insomnia.
*Physician's Desk Reference* 1894-96 (52nd ed. 1998).

The ALJ noted these examinations and the hospitalization,[10] but rejected Dr. Salter's conclusions as "unsupported by the evidence and . . . lack[ing] a credible basis" (Tr. 336-37).  In reaching this conclusion, the ALJ noted that Salter's own letter indicated that Arrant's hypertension was, for the most part, controlled and that medical notes indicated that her varicose veins were clearing; he further noted that there were no x-rays or other objective evidence to support a diagnosis of degenerative disc disease (Tr. 336).  As Arrant has failed to demonstrate any objective evidence—from Dr. Salter or any other physician—which supports Dr. Salter's conclusions for the relevant time period, the Court finds that the ALJ's conclusions are supported by substantial evidence.  Plaintiff's claim is without merit.

Arrant next claims that the ALJ did not properly consider the opinions of a consultative physician.  More specifically, Plaintiff points to the ALJ's rejection of Dr. Vijay J. Vyas's "'conclusion that the claimant is unable to perform pushing

---

[10]Plaintiff's attorney stated that the ALJ did not cite the hospital records (Doc. 10, p. 5), but the evidence shows otherwise (Tr. 336).  Though Plaintiff's attorney also stated that the ALJ failed to cite Dr. Salter's letter (Tr. 296), dated August 2, 1999, the Court notes that this references a date after which disability benefits had been awarded and was, therefore, beyond the ALJ's stated period of consideration as nothing in it relates to the relevant time period (Tr. 332).

and pulling and fine manipulation with her right upper
extremity, and no evidence that she is unable to perform
frequent reaching'" (Doc. 10, p. 7) (quoting Tr. 338).

Dr. Vyas's examination notes of June 16, 1998 state the
following:

> There is slight tenderness in the lower
> cervical area. . . . The right shoulder is
> tender posteriorly.  Movements of the
> shoulders are not restricted but they are
> painful beyond about 70 degrees.  The elbow
> and the wrist are unremarkable though she
> complains of pain and stiffness in the
> fingers.  The fingers are not swollen and
> they do not look inflammed [sic].

(Tr. 281).  The Internist's diagnostic impression was
"[g]eneralized arthralgia probably from osteoarthritis with
possible bursitis of the right shoulder" (Tr. 282).  An X-ray
of the right shoulder found "slight degenerative type change
along the AC joint" but no fracture or dislocation (Tr. 283).

The Court finds substantial support for the ALJ's
rejection of Vyas's opinion which restricted her fine
manipulation and pushing and pulling of arm controls on the
right.  Neither the X-ray evidence nor Vyas's own examination
notes support the restrictions.  This claim is of no merit.

Plaintiff next claims that the ALJ did not make specific
findings as to the job duties and demands of her past work.

Arrant has directed this Court's attention to Social Security Ruling 82-62 which states that the ALJ, in finding that a claimant can perform past relevant work, must make a specific "finding of fact as to the physical and mental demands of the past job/occupation."  Social Security Ruling 82-62 (1982 WL 31386, *4 (S.S.A.)).  In discussing the nature of this finding of fact, the Ruling states the following:

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.  In addition, for a claim involving a mental/ emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, *e.g.*, speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.  Persons with physical impairments (*e.g.*, cardiovascular

> or gastrointestinal disorders) may have
> performed stressful tasks.  This may also
> require a decision as to whether the
> impairment is compatible with the
> performance of such work.  If more than one
> job was performed during the 15-year
> period, separate descriptions of each job
> will be secured.

Social Security Ruling 82-62 (1982 WL 31386, *3 (S.S.A.)).

The Court notes that Plaintiff completed a social security form which indicated that her job as a receptionist required her to use machines, tools, and equipment, required technical knowledge and skills, required her to complete written reports, and required her to take on supervisory responsibilities (Tr. 156-57).[11]  Additionally, Arrant reported that her job required her to walk four, stand three, and sit four hours during a typical work day; she had to bend frequently, but had to lift only ten pounds in completing her tasks (Tr. 157).  The Vocational Expert testified that Arrant's work was sedentary and semi-skilled (Tr. 451).

The Court finds that the ALJ has, at most, committed harmless error in satisfying the requirements of Ruling 82-62 and 20 C.F.R. 404.1520(e) (2005).[12]  There is sufficient

---

[11]Plaintiff testified at the most recent hearing, however, that she did not supervise office staff (Tr. 449).

[12]"If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe

10

evidence of record for the ALJ to have made the determination that Plaintiff could return to her past work as a receptionist.

Arrant's final claim is that the ALJ improperly discounted her claim of pain and limitation.  The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428

---

impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past."

(1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).

Plaintiff testified at the hearing that she suffers "overall pain from osteoporosis and degenerative disc disease, phlebitis, blood clots in [her] legs, and a hiatal hernia;" additionally, she had a peptic ulcer and blood pressure problems (Tr. 436). These impairments, plus arthritis, force her to take medications regularly (Tr. 437-39). Arrant testified that she can wash a few dishes or stack them in the dishwasher (Tr. 441). At the first hearing, Plaintiff stated that she could walk for thirty minutes and lift only one and one-half pounds (Tr. 55-56). Arrant testified that her daughter-in-law and husband did most of the housework (Tr. 59-60, 440-41).

The ALJ specifically held as follows: "While it is credible that the claimant experiences some functional limitations secondary to her varicose veins and osteoarthritis, there is no objective evidence that she experiences the level of dysfunction to the extent she has alleged" (Tr. 338). The ALJ went on to point out that no physical examination or objective test had demonstrated the extreme limitations to which she had testified (*id.*). The Court finds the ALJ's conclusion to be supported by

12

substantial evidence.

Plaintiff brought this action, raising four claims.  All four are without merit.  Though Arrant has, apparently, demonstrated disability as of April 1, 1999, she has failed to demonstrate, through objective medical evidence, that it dates to February 28, 1997.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 22nd day of August, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE